NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

—————————————

**BUY BELIZE, LLC, BUY INTERNATIONAL, INC., ECO-FUTURES DEVELOPMENT, LLC, ECO-FUTURES BELIZE, LTD., FOUNDATION DEVELOPMENT MANAGEMENT, INC., GLOBAL PROPERTY ALLIANCE, INC., POWER HAUS MARKETING, SANCTUARY BELIZE PROPERTY OWNERS' ASSOCIATION, SITTEE RIVER WILDLIFE RESERVE, ESTATE OF JOHN PUKKE,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

—————————————

2024-2352

—————————————

Appeal from the United States Court of Federal Claims in No. 1:23-cv-01025-TMD, Judge Thompson M. Dietz.

—————————————

Decided:  March 12, 2026

—————————————

NEIL HARRIS KOSLOWE, Potomac Law Group, PLLC, Washington, DC, argued for plaintiffs-appellants.

VINCENT DE PAUL PHILLIPS, JR., Commercial Litigation

Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee. Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, BRETT SHUMATE; BRADLEY GROSSMAN, Office of General Counsel, Federal Trade Commission, Washington, DC.

—————————

Before DYK, BRYSON, and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

Buy Belize, LLC; Buy International, Inc.; Eco-Futures Development, LLC; Eco-Futures Belize, Ltd.; Foundation Development Management, Inc.; Global Property Alliance, Inc.; Power Haus Marketing; Sanctuary Belize Property Owners' Association; Sittee River Wildlife Reserve; and the Estate of John Pukke (collectively, "Buy Belize") appeal the United States Court of Federal Claims's dismissal of their complaint for lack of subject-matter jurisdiction. We affirm.

The parties are aware of the history of litigation in the United States District Court for the District of Maryland and the United States Court of Appeals for the Fourth Circuit involving the district court's turnover order of Buy Belize's assets to a receiver to satisfy the civil contempt sanction issued by the district court. Buy Belize brought suit in the Court of Federal Claims. Buy Belize's complaint alleged that the turnover order was an illegal exaction executed by the district court because the district court "erroneously decid[ed] that all of the seized assets and property must remain available to answer for the monetary civil contempt sanctions," which was incorrect "[a]s a matter of law" and resulted in a "wrongful seizure" of the assets. Appx 14.[1] The Court of Federal Claims dismissed, holding

—————————

[1]    "Appx" refers to the Appendix filed with Buy Belize's Opening Brief. *See* ECF No. 15.

that "any adjudication of [Buy Belize's] illegal exaction claim by [the Court of Federal Claims] would unavoidably interfere with the district court's decision and circumvent the appellate process." Appx 6.

At oral argument before this court, Buy Belize contended that construing its allegations in its complaint as only pressing an illegal exaction action would be too rigid, and this court should instead consider whether the district court's action was either an illegal exaction or a taking. *See* Oral Arg. at 7:28–8:04, 23:48–24:42, https://www.cafc. uscourts.gov/oral-arguments/24-2352_03022026.mp3. But whether this case is construed as an action over an illegal exaction or a taking, the core of Buy Belize's argument remains the same: a challenge to the authority of a federal district court. This is not a case like *Boise Cascade Corp. v. United States*, where the Court of Federal Claims could consider whether a taking occurred without considering the propriety of a district court's order. *See* 296 F.3d 1339, 1343–45 (Fed. Cir. 2002). Here, in order for the Court of Federal Claims (or this court) to evaluate the merits of Buy Belize's allegations, it would need to determine whether the district court erred in issuing its turnover order. The path for such a challenge was to appeal the turnover order to the Fourth Circuit, as all the Court of Federal Claims plaintiffs did as to the original turnover order, but only the individual defendants involved in the district court action did as to the second order. *See Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1353 (Fed. Cir. 2015) ("Permitting parties aggrieved by the decisions of Article III tribunals to challenge the merits of those decisions in the Court of Federal Claims would circumvent the statutorily defined appellate process and severely undercut the orderly resolution of claims."). The Court of Federal Claims has no jurisdiction to provide collateral review of another federal court's decisions. *See Allustiarte v. United States*, 256 F.3d 1349, 1351–52 (Fed. Cir. 2001) ("As we stated in *Joshua v. United States*, 17 F.3d 378, 380

(Fed. Cir. 1994), 'the Court of Federal Claims does not have jurisdiction to review the decisions of district courts.'").

We have considered Buy Belize's remaining arguments and find them unpersuasive.  For the foregoing reasons, we affirm the Court of Federal Claims's dismissal of Buy Belize's complaint.

**AFFIRMED**